UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES SULLIVAN, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-4437 |
| MONSANTO COMPANY, ET AL. | SECTION "T" (4) |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint and Motion to Strike Jury Demand. Rec. Doc. 62. Plaintiffs filed an Opposition to the Motion. Rec. Doc. 66. The Motion came for hearing without oral argument on August 15, 2007, and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

The named Plaintiffs and the proposed class representatives (collectively, "Plaintiffs") are retired employees of the former Monsanto Company who retired between January 1, 1995 and December 1, 2000 and participated in the retiree health-care benefits plan provided by Defendants. Rec. Doc. 60 at paragraph 1.[1] Defendants are the Monsanto Company Medical Benefits Plan for Salaried and Non-Union Hourly Retirees (hereinafter, "the Plan"); the Pharmacia Retiree Benefits Program; Pharmacia & Upjohn, the Plan sponsor, administrator and Plan fiduciary; Pharmacia Corporation; Pfizer, Inc; and the following individuals: Sylvia Montero, Kara DeLoreto, Josephine Winfrey, Mary Lou Panzano, Ron Cheeley, Charles Bibart, Kristi Payne Benitez, and Peter McCauley. The individual defendants are alleged to be members of the Pharmacia Corporation Administrative Committee-US Plan and a Plan and/or Pharmacia Plan fiduciary empowered with

---

[1]Monsanto Company is now called Pharmacia Corporation. Rec. Doc. 62 at p. 5.

discretion to make changes to the Plan and/or Pharmacia Plan.  Rec. Doc. 60 at paragraphs 7-14.

The action arises out of an increase in the Plaintiffs' health care contributions under the Plan beginning in January 2001 to date.  Rec. Doc. 60 at paragraph 33.  Plaintiffs allege that their monthly contributions have increased by 750% to 1000% between January 2001 through January 2006.  Rec. Doc. 60 at paragraph 33.  Plaintiffs allege these increases are the result of Defendants alleged unilateral modifications and changes to the benefits owed to them under the Plan constituting a "repudiation of [defendants] obligations and fiduciary duty as plan sponsor, trustee, investment manager and administrator of the plan."  Rec. Doc. 60 at paragraph 46.  In addition, Plaintiffs allege that any amendments to the Plan benefits were not done in conformity with the provisions of the Plan.  Rec. Doc. 60 at paragraph 46.  Plaintiffs bring this action pursuant to section 1132(a)(1)(B) and (a)(3) of the Employment Retirement Income Security Act ("ERISA").  Rec. Doc. 60 at paragraph 47.  Plaintiffs seek to recover amounts they have overpaid and to force the Plan to honor its terms.

In 1995, the Monsanto Company adopted the Monsanto Company Medical Benefits Plan for Salaried and Non-Union Hourly Retirees (hereinafter, "1995 Plan").  *See* Exhibit "A" attached to Rec. Doc. 62.  Upon retirement, Plaintiffs became eligible to participate in the 1995 Plan.  The 1995 Plan contained a provision providing that Monsanto Company, in sum, reserved the right to amend and terminate the Plan and that the company's Board, its Benefits Plans Committee or the delegate of either could exercise that right.  *See* Exhibit "A" at p. 16 and full text cited *infra.*

Plaintiffs allege that upon retirement, they received a "Summary of Retirement Benefits" supplied by Monsanto Company. The Summary of Retirement Benefits (hereinafter, "SRB") or "the Brochure" as termed by Defendants, allegedly was represented to be in compliance with 29

U.S.C.A. § 1022[2] of ERISA. Rec. Doc. 60 at paragraph 25. However, Plaintiffs allege that the SRB/Brochure was not ERISA compliant. Rec. Doc. 60 at paragraph 25.

In 2002, after Monsanto Company changed its name to Pharmacia Corporation, the Pharmacia Administrative Committee for U.S. Plans (hereinafter, "the Pharmacia Committee") became the fiduciary empowered with discretion to make changes to the 1995 Plan. Also in 2002, the Pharmacia Committee amended and restated the 1995 Plan. Rec. Doc . 62 at pp. 5-6. The 1995 Plan was renamed the Medical Benefits for Former Employees of the Monsanto Company under the Pharmacia Retiree Benefits Program and the Pharmacia Benefits Book for Former Employees of Monsanto Co. (hereinafter, the "Benefits Book") was adopted as the new Plan document. *See* Exhibit "C" attached to Rec. Doc. 62 . When the Benefits Book was adopted, Defendants submit that the method of determining retiree medical contributions was revised from that provided in the 1995 Plan. The parties agree that the original SRB/Brochure provided that Monsanto pay a share of Plaintiffs' health care coverage up to a "Defined Dollar Limit" ("DDL") as follows:

> Until the Defined Dollar Limit is reached, the contributions under the 1995 Plan by retirees who are under age 65 (or retirees who have a spouse who is under age 65) will be the same as active employees' contributions for similar coverage and will change as the active-employee contributions change.

Rec. Doc. 60 at paragraph 32 and Rec. Doc. 62 at p. 7. It is further undisputed that under the 1995 Plan and SRB, the Plan provided that until the DDL was reached, the contributions for retirees under age 65 (or retirees who have a spouse under age 65) would be the same as active employees' contributions for similar coverage and will change as the active-employee contributions change.

---

[2]Plaintiff do not provide how or why the original SRB/Brochure supplied to them was non-compliant with ERISA other than that many of the class representatives and class members have never received the SRB nor any updated versions of the SRB. Rec. Doc. 60 at paragraph 30.

3

Rec. Doc. 60 at paragraph 32 and Rec. Doc. 62 at p. 7.  It is further undisputed that the 1995 Plan and the SRB were superseded as amended in the 2002 Benefits Book and that the Benefits Book is the updated version of the official governing plan document. Rec. Doc. 60 at paragraph 30.  The medical expense contributions under the 2002 Benefits Book are generally determined using the same methods (and the same DDLs) as used in the 1995 Plan, except that the revised plan (Benefits Book) does not provide and specifically eliminated the provision that active and retiree medical contributions would bear any relationship at all, even prior to the time the DDL was reached. Rec. Doc. 62 at p. 6.  Thus, Defendants' argue, that the current version of the plan no longer requires parity between active and retiree medical expense contributions.

Plaintiffs' Amended Complaint alleges that the aforementioned provision in the original SRB/Brochure mandates that retirees and the active employees are to pay the same contributions; however, they allege, upon information and belief that the active employees' monthly contributions have not increased at the same rate.  Rec. Doc. 60 at paragraph 34.  Plaintiffs also allege that the Defendants are not paying their share of the DDL and that the Defendants will further increase the monthly contributions.  Rec. Doc. 60 at paragraphs 34-35.

Plaintiffs filed the Original Complaint in this action alleging that the Defendants' unilateral changes in the payments of their health-care benefits (i.e. no longer keeping the parity between active and retiree contributions) was not in conformance with the Plan and constituted a renunciation of the Plan's obligations and fiduciary duties actionable under section 1132 of ERISA.  Defendants met the Original Complaint with a Motion to Dismiss arguing that the Plaintiffs' Complaint failed to state a claim because they failed to allege any violations of the current Plan; failure to name the proper defendant, and that the fiduciary duty claims were deficient.  *See generally* Rec. Doc. 15.

While the Motion was pending, Defense counsel advised Plaintiffs' counsel that the current Plan was amended in 2002. Instead of responding to the Motion to Dismiss, Plaintiffs requested Defendants consent to Plaintiffs filing an Amended Complaint addressing the issues raised by the 2002 Amendment. Defendants consented and withdrew the Original Motion from the Court's calendar. Rec. Doc. 40. The Amended Complaint was filed and the instant Motion followed by Defendants.

**II.     LAW AND ANALYSIS**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System,* 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1980). The Fifth Circuit has pointed out the proper inquiry on a Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery,* 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, "due to 'the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'" *Id.* at 1965, 1966. As the Fifth Circuit has held, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material

5

points will be introduced at trial." *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006).

ERISA does not regulate all benefits paid by an employer, but only those paid pursuant to an "employee benefit plan." *Fort Halifax Packing v. Coyne*, 482 U.S. 1, 11, 107 S.Ct. 2211, 2217, 96 L.Ed.2d 1 (1987); 29 U.S.C. § 1003. Two different types of benefit programs are regulated by ERISA: welfare plans and pension plans. 29 U.S.C. § 1002.  It is undisputed that the plan at issue here is a falls under ERISA's statutory definition of an "employee welfare benefit plan.*"* *See* Rec. Doc. 60 at paragraph 45 and Rec. Doc. 62 at p.

### *(1)   Defense Argument 1: Failure of the Amended Complaint to Allege Breach/Violation of the Current Plan's Terms.*

Defendants first argument is that the Amended Complaint does not allege a breach of the current Plan's terms and cannot allege such breach because the current Plan does not provide  for the benefits sought by the Plaintiffs, i.e. that the active and retired employees must pay the same contributions.  Plaintiffs do not dispute and actually acknowledge in the Amended Complaint that the Plan was amended in 2002 and concede that the Benefits Book is the updated version of the SRB. Rec. Doc. 60 at paragraph 40.  Accordingly, it is not disputed that the Plan was amended to remove the benefits provision pursuant to which Plaintiffs now seek benefits.  However, the inquiry does not end there as Plaintiffs have alleged that the amendment is invalid because the Plan was not amended in "conformity with the provisions of the Plan" and because the change was never communicated to Plaintiffs.  Rec. Doc. 60 at paragraph 40.  The Court must examine whether these allegations are sufficient to save Plaintiffs' claim.

Defendants urge the allegations are insufficient to state a claim because they are conclusory, and utterly baseless, and further, Defendants urge that Plaintiffs fail to point to any provision in the 1995 Plan that prevented such amendment.  Specifically, Defendants urge that the both the 1995

Plan and the SRB/Brochure state that the benefits committee or the delegates may amend the Plan and that in this instance, that is what happened, i.e. that Pharmacia exercised its right to amend the Plan by having its benefits committee adopt the Benefits Book as the new plan document in 2002. Rec. Doc 62 at p. 10.   In support, the Defendants attach the committee meeting minutes taken July 12, 2002,  adopting that the Benefits Book as the new plan document.

Plaintiffs counter that just because the Defendants have the right to amend does not mean that Plaintiffs have not stated a cause of action because there are many other "key fact issues" concerning the (1) contents of the original Plan under which the Plaintiffs' rights vested; (2) the specific terms of any reservation of rights language; (3) whether such language was sufficient; (4) whether the Plan was amended effectively and appropriately and (4) whether Plaintiffs were misled by the Pfizer Defendants.  Therefore, Plaintiffs assert these factual intricacies must be explored via discovery preventing dismissal at this time. Rec. Doc. 66 at pp. 4-5.

The Court agrees with Defendants that the Plaintiffs concede the Plan was amended in 2002; however, the Court does not agree that Plaintiffs have conceded that the Plan was validly and adequately amended.  As stated *supra*, Plaintiffs' Amended Complaint provides that the Defendants may not unilaterally modify Plaintiffs' benefits without conforming with the procedures specified in the Plan. Rec. Doc. 60 at paragraph 44.  Plaintiffs' Amended Complaint further alleges that the "amendments were not done in conformity with the provisions of the Plan."  Rec. Doc. 60 at paragraph 46.  Plaintiffs' Opposition also argues that issue remains as to whether the Plan was amended effectively and appropriately.  While Defendants have presented summary judgment type evidence indicating that the Plan was amended in accordance with its terms, this is a Motion to Dismiss and any evidence other than the Plan Documents itself, such as the committee meeting

7

minutes provided in support by the Defendants, will not be reviewed by the Court.[3] Nevertheless, the allegations by the Plaintiffs are insufficient to state a claim regarding why the Plan's 2002 amendment was invalid. The allegations are conclusory and provide only that Defendants cannot make the change unless in conformity with certain procedures as designated in the Plan but they do not point out what those procedures are, why such amendment would or could be prevented, and/or why such an amendment would infringe or violate any of their rights. While Plaintiffs make additional allegations and discuss new theories in their Opposition, such allegations are not in the Amended Complaint. The Court finds that while it is clear that the Plan was amended, the Plaintiffs have not adequately stated a claim that the Defendants failed to amend the claim. However, considering that some of the arguments raised in their Opposition may have merit, rather than dismiss the Amended Complaint the Court will allow Plaintiffs a third chance to adequately amend and such amendment shall be filed within 15 days of this Order.

Defendants next request that the Court dispose of the Plaintiffs' claim that 2002 amendment was invalid because it was never communicated to Plaintiffs arguing that no provision of ERISA requires a plan sponsor to communicate changes in an employee welfare plan in order to be effective. However, the cases cited by Defendants are not provide such an absolute rule. In *Godwin*

---

[3] The Court is aware that the Fifth Circuit has recognized an exception to the rule that a District Court may not go outside the complaint. In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000), the 5th Circuit approved the district court's consideration of documents attached to a motion to dismiss. In that case, the district court relied on an agreement and an assessment about a potential merger between two companies in determining the contract was not intended to benefit the plaintiffs/stock option holders. *See Collins v. Morgan Stanley Dean Witter*, 60 F.Supp.2d 614 (S.D.Tex.1999). In approving the district court's consideration of the documents attached to the motion to dismiss, this Court restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *See Collins*, 224 F.3d at 498-99 (5th Cir.2000). Here, while the Plan documents are referred to in the Plaintiffs' Complaint the Meeting Minutes are not and are central not to the Plaintiffs' claim but to the Defendants' defense. Such documents are not to be reviewed by the District Court on a FRCP 12(b)(6).

*v. Sun Life Assur. Co of Canada*, 980 F. 2d 323, 328 (5th Cir.1992), the U.S. Fifth Circuit found that an amendment to a welfare benefit plan is valid despite a beneficiary's lack of personal notice unless the beneficiary can show active concealment of the amendment or some significant reliance upon, or possible prejudice flowing from the lack of notice. But, prior to getting to the active concealment prejudice issue, at a minimum, the Plaintiff must allege that some violation of ERISA's notice and/or reporting requirements occurred. *See Godwin*, 980 F. 2d at 327, 328. Absent from the Plaintiffs' Amended Complaint are allegations pointing to the sections of ERISA allegedly violated by the failure to provide notice and further, absent are any allegations demonstrating active concealment of the amendment or prejudice. In light of the Court's discretion to allow amendment, Plaintiffs are given fifteen (15) days to amend to allege allegations sufficient to state a claim as laid out herein.

### *(2) Argument 2: The Amended Complaint should be dismissed because it does not allege violations of the 1995's Plan's terms*.

Defendants next urge that even if the SRB/Brochure provision is in effect, the Complaint fails to state a claim that the terms of that Plan were breached. It is Defendants' contention that the parity between active and retirees under the 1995 Plan comes into play only when two conditions have been met: (1) the DDL has not been reached and (2) the retiree or his spouse is under 65. Because the Plaintiffs did not allege these conditions are present, Defendants argue that they cannot argue that this provision was triggered or that it was breached.

Contrary to Defendants arguments, the Amended Complaint alleges that Defendants are not paying their portion of the DDL (Rec. Doc. 60 at paragraph 36) and further alleges that the active employees and the retiree employees contributions are not the same. (Rec. Doc. 60 at paragraph 34). Nevertheless, Defendants are correct that Plaintiffs do not state that the clause has been triggered by the appropriate age limitation. Accordingly, Plaintiffs are given fifteen (15) days to cure these

9

deficiencies in their Complaint. If not cured, the Complaint shall be dismissed.

*(3)     Defense Argument 3: Plaintiffs' 502 (a)(3) should be dismissed as duplicative.*

Defendants next argue that Plaintiffs have alleged that they are entitled to relief for Defendants actions pursuant to bo 29 USCA § 1132 (a)(1)(B) and (a)(3). Defendants urge Plaintiffs cannot recover under both these subsections for the same conduct because ERISA and the Fifth Circuit's interpretation of ERISA does not allow for Plaintiffs to make the same claim under both subsections. Citing case law from the 8th Circuit, Plaintiffs respond that they are allowed to make alternative causes of action, that they have done so, and their claims are factually supported as a violation of both subsections (a)(1)(B) and (a)(3).

The pertinent provisions of 29 U.S.C.A § 1132 provide:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought–
>
>> (1) by a participant or beneficiary–
>>
>>> (A) for the relief provided for in subsection (c) of this section, or
>>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>>
>> ...
>> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court interpreted section 1132(a)(3) to allow plaintiffs to sue for breach of fiduciary duty

for personal recovery when no other "appropriate" equitable relief is available. The Court, after reviewing all the subsections of section 1132(a) stated: "[t]he language of the other two subsections, the third [(a)(3)] and the fifth [(a)(5)] creates 'catchalls,' providing 'appropriate equitable relief' for 'any' statutory violation. This structure suggests that these 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 504 [1132] does not elsewhere adequately remedy." *Varity,* 516 U.S. at 513. In *Varity,* the plaintiffs did not have adequate relief under section (a)(1)(B) because they were no longer members of the plan and therefore, had no benefits due enforceable by (a)(1)(B). Following *Varity,* where a plaintiff has brought claims under both sections 1132(a)(1)(B) and 1132(a)(3), and the latter merely duplicates the relief sought under the former, the Fifth Circuit has instructed that dismissal of the section 1132(a)(3) claim is proper and the appropriate relief is available under section 1132(a)(1)(B). *See Musmeci v. Schwegmann Giant Super Markets, Inc*. 332 F. 3d 339, 349 n.5 (5th Cir. 2003)(pointing out that because Plaintiffs were found to have an adequate remedy at law under section1132(a)(1)(B), they were foreclosed from equitable relief under (a)(3)); Estate *of Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA* 215 F.3d 516, 526 (5th Cir. 2000)(finding that the Plaintiff while alleging relief due under § 502(a)(3) sought only disability benefits allegedly due under the applicable policy for which § 502(a)(1)(B) affords an adequate remedy; thus, the section (a)(3) remedy was foreclosed); *Rhorer v. Raytheon Engineers and Constructors, Inc*., 181 F.3d 634, 639 (5th Cir.1999)(finding that in addition to seeking damages for breach of fiduciary duty, Plaintiff sought recovery of plan benefits under § 1132(a)(1)(B) and that the recovery of plan benefits was the predominate cause of action in this suit. Therefore, because § 1132(a)(1)(B) affords plaintiff an avenue for legal redress, she was not able to simultaneously maintain her claim for breach of

fiduciary duty under section (a)(3); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998)(finding that Plaintiff's attempt to justify breach of fiduciary duty claims from his coverage and benefits claim were inadequate and therefore, because Plaintiff has adequate redress for his claims for the alleged improper denial of benefits through this right to sue the plans directly under section (a)(1), he has no claim for relief for the alleged breach of fiduciary duty under section (a)(3)).

Plaintiff counters that the 8th Circuit's decision in *Ross v. Rail America Group Disability Income Plan*, 285 F. 3d 735, 739-40 (8th Cir. 2002) entitles them to seek alternative forms of relief under subsections (a)(1)(B) and (a)(3). The *Ross* court did not hold this as Plaintiffs asserts. Rather, the *Ross* Court analyzed whether the claims asserted by plaintiff, Ross were a subsection (a)(1)(B) claim for benefits or a section (a)(3) claim for equitable relief and concluded the claims fell under the later rather than the former because the plaintiff was not seeking to obtain relief under the terms of the Plan but rather was seeking to reform the Plan by obtaining a declaration at the amendments were void. *Ross,* 285 F. 3d at 740. Finding that because the relief sought was solely equitable, the Court found section (a)(3) as opposed to (a)(1) was the appropriate section.

The case is different from the *Ross* action because Plaintiffs' Amended Complaint groups the section (a)(3) and (a)(1) claims together alleging that "[D]efendants' repudiation of the terms of the employee welfare benefit program is actionable in this Court under § 1132(a)(1)(B) and (a)(3)]." Rec. Doc. 60 at paragraph 47. The Supreme Court and Fifth Circuit case law is clear that where appropriate relief is available under (a)(1) then relief under (a)(3) is not available for the same claims. While Plaintiff groups these two actions together in one paragraph of the Amended Complaint, Plaintiffs provide in another section of the Amended Complaint that the Defendants (all

of them collectively): (1) breached their fiduciary duty to class members; (2) breached their duty of loyalty to the class members by not making decisions in the best interest of the class members; (3) breached their duty to act with care, skill, prudence and diligence in the interests of the class members; (4) breached their duty to act for the exclusive purpose of providing benefits to class members; and (5) breached their duty to report and disclose. Rec. Doc. 60 at paragraph 49 b-f. The Court is unable to find as a matter of law that Plaintiffs' Amended Complaint encompasses identical causes of action under subsections (a)(1)(B) and (a)(3)against the Defendants. Although close, the Court must construe factual allegations and ambiguities in the substantive law in favor of the Plaintiffs and finds that as a the proposed breach of fiduciary duty claims are not duplicative of the allegations raised under (a)(1)(B). Accordingly, the Court finds that an adequate claim has been stated under (a)(1)(B) and (a)(3) to defeat a FRCP 12(b)(6) Motion.

### *(4)    Defense Argument 4: All Defendants other than the Plan should be dismissed.*

Defendants next argue that only the Plan is the proper Defendant in an action brought pursuant to section 1132 (a)(1)(B). Further, because there are not and cannot be any allegations that any of the other Defendants (i.e. the individuals and corporations) breached any cognizable duty to the Plaintiffs because the Plan was validly amended. Hence, Defendants argue dismissal of these non-Plan Defendants is also appropriate. Alternatively, Defendants argue that even if the Court finds the amendment was not valid, Defendants ague the individuals are should be dismissed because "changing the Plan" cannot support a claim for breach of fiduciary duty. Finally, Defendants argue that even if the act of amending the Plan were sufficient to impose a fiduciary obligation, the Defendants are not alleged to have had any role in the Plan's amendment and therefore, the individual Defendants that have been served should be dismissed. Rec. Doc. 62 at pp.

14-15.

Plaintiffs counter that dismissal of the individual Defendants at this stage of the litigation is premature because discovery will provide the specifics of the non-Plan Defendants role in this matter. Second, Plaintiffs argue that the fiduciary duty violation causes of action are not limited to the amendment. Rec. Doc. 66 at pp. 7-9.

Defendants are correct that the Plan is the only proper party for any cause of action under section (a)(1)(3) for recovery of Plan benefits. *See Powell v. Eustis Engineering Co.*, 2003 WL 22533650 at * 2 (E.D. La. 2003)(Engelhardt, J.)  Accordingly, Defendants' Motion to Dismiss is **GRANTED** to the extent that it requests that the allegations in the Amended Complaint pursuant to (a)(1)(B) against all Defendants but the Plan itself be dismissed.

Because the Court has found that Plaintiffs have adequately stated a section (a)(3) claim to survive a FRCP 12(b)(6) Motion to Dismiss, Defendants remaining arguments that all the remaining claims against all the Defendants but the Plan should be dismissed is rejected. The Court has determined that the Plaintiffs have adequately pled fiduciary duty breaches that are separate and apart from the act of amending the Plan. Thus, Defendants argument that Plaintiffs' allegations relating to changing the plan fail to allege fiduciary breaches are without merit. Finally, the Amended Complaint alleges that the individuals and the corporations named (other than the Plan) had discretionary authority and acted as fiduciaries of the Plan and then violated those duties as alleged in Paragraph 40 (b)-(f) of the Amended Complaint. Those breaches encompasses actions other than relating to amendment, for example, failing to disclose. While ultimately, the Defendants may prevail by demonstrating to the Court either that the Defendants listed are not fiduciaries and/or that the duties alleged do not exist under the law, the Court cannot determine as a matter of law at

this point in the litigation dismissal of those claims are warranted at this time.  Accordingly, Defendants' arguments that the individual Defendants lack of any role in the Amendment process defeats the fiduciary duty claims because the sole alleged based of such breach regarding amendment of the Plan is rejected.   Nevertheless, the Defendants can move at a later date for summary judgment on the issues

### *(5)     Defense Argument 5: Demand for Trial By Jury Should be Stricken.*

Defendants last argue that the Plaintiffs are not entitled to trial by jury and request for trial by jury be stricken.  Rec. Doc. 62 at p. 15.  Plaintiffs' Opposition does not address this argument.  Defendants' Motion is **GRANTED**.   *See Mello v. Sara Lee*, 292 F.Supp.2d 902, 907 (N.D. Miss.2003) (striking plaintiffs' demand for a jury trial in an ERISA action); *Ross v. Chevron Texaco, Inc*., 2003 WL 22071284, at *2 (E.D. La. 2003) (noting that ERISA does not provide plaintiffs a right to a jury trial and declining to grant the plaintiff a jury trial); *Edwards v. Texas-New Mexico Power Co.*, 2003 WL 22070903, at *1 (N.D. Tx. 2003) (striking plaintiff's demand for jury trial because there is no right to jury trial under ERISA); *Damron v. Worldcom, Inc*., 2001 WL 1561998, at *2 (N.D.Tx. 2001) (striking plaintiff's demand for jury trial because there is no right to a jury trial under ERISA); *MB Valuation Svs., Inc. v. Ins. Co. of N. Am.*, 1997 WL 642987 at *4-6 (N.D.Tx. Oct.6, 1997) (striking plaintiffs' demand for a jury trial in an ERISA action).

### **III.    CONCLUSION**

For the reasons stated herein, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss.  The Motion is **GRANTED** insofar as it dismisses all of the section (a)(1)(B) claims against all Defendants except the Plan.  The Motion is **DENIED** in all other aspects and the  Plaintiffs are hereby ordered to amend their First Amended Complaint within 15 days of the date

this Order is signed as provided herein.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Rec. Doc. 62) is **GRANTED** in part and **DENIED** in part. The Motion is Granted insofar as it requests dismissal of all claims against all Defendants except the Plan pursuant to 29 U.S.C.A § 1132(a)(1)(B). The Motion is Denied in as to all other relief sought.

**IT IS FURTHER ORDERED** that Plaintiffs' amend their First Amended Complaint to comply with this Court's order. Defendants are not to file responsive pleadings until the Seconded Amended Complaint is filed with the Court.

New Orleans, Louisiana, this 31st day of March, 2008.

**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**