**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES SULLIVAN, JR., et al,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4437** |
| **MONSANTO CO., et al** | **SECTION: "B"(4)** |

**ORDER & REASONS**

**It is ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Second Amended, Restated and Supplemental Class Action Complaint, Rec. Doc. 86 is **DENIED** as to Counts I and II of that complaint, and **GRANTED** as to the remaining Counts.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)0. *Bell Atlantic Corp. v. Twombly*, ---U.S.---, 127 S.Ct. 1955, 1965 (2007). Plaintiff characterizes the appropriate standard of review quite liberally, requesting that this Court not grant the motion to dismiss "unless it appear beyond doubt that the Plaintiff can prove no set of

facts in support of his claim which would entitle him to relief" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead more than "mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992); Orrill *v. Mortgage Electronic Registration Systems, Inc.*, No. 06-10012, 2008 WL 1867706, *1 (E.D. La. April 24, 2008). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.

**Invalid Amendment of ERISA Plan**

"Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995). However the Supreme Court also noted in *Curtis-Wright*, that section 402(b)(3) of ERISA, 29 U.S.C.A. § 1102(b)(3) lays out the requisite functional features of ERISA plans. In addition to requiring a written plan instrument, section 402(b)(3) also requires that plans provide for one or more "named fiduciaries," provide "a

2

procedure for establishing and carrying out a funding policy and method," "describe any procedures under the plan for the allocation of responsibility for the operation and administration of the plan," provide "a procedure for amending [the] plan, and for identifying the persons who have authority to amend the plan" and "specify the basis on which payments are made to and from the plan."

The *Curtis-Wright* Court stated that requiring a plan to have an amendment procedure enables plan administrators "to have a mechanism for sorting out, from among the occasional corporate communications that pass through their offices and conflict with the existing plan terms, the bona fide amendments from those that are not." 115 S.Ct. at 1230. Defendants argue Plaintiffs' Second Amended Complaint should be dismissed in its entirety because it does not allege any breach of the Plan's terms. To the contrary, Plaintiffs' Second Amended Complaint sufficiently lays out the claim that the Pfizer Defendants violated ERISA sections 502(a)(1)(B) and 502(a)(3) by invalidly amending plaintiffs' retiree health plan. Plaintiffs have alleged in great detail facts that the if true, suggest the attempted amendment of the 1995 Plan was invalid.

The Court's March 31, 2008 Order recognized that Plaintiffs' claims can only survive if they can properly allege that the 2002 Plan amendment was not valid. Plaintiffs submit to this regard that the 2002 Plan amendments are indeed invalid. Assuming that Plaintiffs' allegations are true, they have sufficiently alleged a claim for which relief can be granted. The 2002 Benefits Book states, "[t]his Benefits Book is only a summary of the benefits plans and is **not meant to alter any plan** or legal instrument related to the Plan's creation, operations, funding or benefit payment obligations. If there is any conflict or inconsistency between this document and the official written plans, the plans control... " (p. 3)[emphasis added]. Plaintiffs need only plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Plaintiffs have alleged facts that if true cast serious doubt as to whether the 2002 amendment is valid.

Plaintiffs have stated minimal facts, but sufficient to state a claim for violation of the Plan's terms. Thus, Defendants motion for dismissal on this count is denied.

**Violation of Plan's Terms**

Plaintiffs have stated a claim for violation of the Plan's terms. Plaintiffs have sufficiently alleged that the 2002 amendment of Plan documents is invalid. Thus, a natural succession would be towards the terms of the 1995 Plan. Plaintiffs allege that the 1995 Plan sets forth a "Defined Dollar Limit" which until reached, provides that contributions for active and retried employees will be the same. Despite such language, Plaintiffs allege monthly contributions for retiree have increased by 750% to over 1000%, depending on the level of healthcare. See Rec. Doc. 85 ¶¶ 32, 33. Plaintiffs also allege, upon information and belief, that monthly contributions paid by active employees have not increased at the same rate.

If the 2002 amendment was invalid and the 1995 Plan as alleged by the Plaintiffs was the governing document, such inconsistencies would be impermissible and in violation of the 1995 Plan's terms. Even if assuming the 2002 amendment was valid, Plaintiffs' claims regarding the impermissible contribution increases encompass more than a year and a half of increases made before any amendment to the 1995 Plan was even attempted. Plaintiffs have alleged that since 2001, their contributions have not increased at the same rate as

those of the active employees. Thus, Plaintiffs have alleged sufficient facts to maintain claim for violation of the Plan's terms. Defendant's Motion to Dismiss the claim of violation of the Plan's terms is denied.

**Invalid Notice**

In their Second Amended, Restated and Supplemental Class Action Complaint, Plaintiffs allege that "many [of the] Class Representatives and class members never received any documents regarding the Plan and/or Pharmacia Plan, including the Summary of Retirement Benefits." Rec. Doc. 85. ¶ 30. However, Plaintiffs have not alleged sufficient facts that suggest defendants actively concealed plan documents. In *Godwin v. Sun Life Assur. Co. of Canada,* 980 F.2d 323, 328 (5th Cir. 1992),the Fifth Circuit held that unless a beneficiary can show active concealment of amendment, or some significant reliance upon, or possible prejudice flowing from, lack of notice, "an amendment to a welfare benefit plan is valid despite a beneficiary's lack of personal notice, unless the beneficiary can show active concealment of the amendment... ."

Plaintiffs alleged only that they have been "prejudiced by increased charges" and that because of the alleged lack

of notice, Plaintiffs "have not had the opportunity to adequately oppose any alleged amendments to the plan. Plaintiffs have also made no more than bare assertions on the issue of active concealment -- insufficient to meet the *Twombly* standard. Thus, on the issue of invalid notice and active concealment, Plaintiffs have not stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Defendants motion to dismiss on the claim for invalid notice is granted.

**Equitable Estoppel**

To state a claim for equitable estoppel under ERISA, a plaintiff must plead: (1) material misrepresentation, (2) plaintiff's reasonable and detrimental reliance upon that misrepresentation, and (3) "extraordinary circumstances." *Robinson v. New Orleans Employers ILA AFL-CIO Pension Welfare*, 269 Fed.Appx. 516, 2008 WL 687289 (5th Cir. 3/13/2008), 43 Employee Benefits Cas. 1687; *Mello v. Sara Lee Corp.*, 431 F.3d 440, 44-45 (5th Cir. 2005). Simply failing to live up to written or oral assurances does not constitute the requisite extraordinary circumstances, and that is all plaintiffs allege here. See, e.g., *High v. E-*

7

*Systems Inc.*, 459 F.3d 573, 580 (5th Cir. 2006) (holding that written and oral assurances that plaintiff would receive more favorable benefit terms than he did receive did not constitute "extraordinary circumstances."). Because plaintiff's failed to state facts sufficient to show extraordinary circumstances, we need not even consider whether there was a material representation or detrimental reliance. Thus, Plaintiffs have failed to set forth sufficient facts to survive a motion to dismiss on the claim of equitable estoppel.

**<u>Inaccurate Representation/ Plan Description</u>**

Plaintiffs allege in their Second Amended, Restated and Supplemental Class Action Complaint that Named Plaintiffs and the class members were provided with an official government plan document titled "Summary of Retirement Benefits" from Monsanto which did not comply with the requirements of ERISA § 23, 29 U.S.C § 1022.[1] They allege that the defendants failed to address any changes to the Defined Dollar Limit in the SPD, and consequently, they

---

[1] See Rec. Doc. 85, ¶ 25.

should not be bound by the unilateral changes implemented by Defendants.

Section 1022(a)(1) provides that Plan summaries "shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants ... of their rights...." Section 1022(b) also sets forth specific contents to be included in summary plans. Plaintiffs interpret this to mean any deviation of procedural rules as allowing for damages. However, violations of the procedural sections of ERISA do not give rise to claims for substantive damages. *See Custer v. Murphy Oil USA*, *Inc.*, 503 F.3d 415, 422 (5th Cir. 2007); *Verizon Employee Benefits Committee v. Frawley*, No. 3:05-CV-2105-P, 2006 WL 4348614, *6 (N.D. Tex. Nov. 15, 2006) (dismissing § 1022 claim); *See also Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1378 (6th Cir.1996). Thus, even if Plaintiffs could allege that the Pfizer Defendants violated section 1022, the claim must still be dismissed because the Fifth Circuit does not recognize any substantive remedy for violations of section 1022. Moreover, in *Washington v. Murphy Oil USA, Inc.,* 497 F.3d 453, the Fifth Circuit concluded that where the terms of the ERISA plan and the

summary plan description (SPD) conflict, the SPD controls and is binding. Defendants' motion to dismiss the claim for inaccurate representation is granted.

New Orleans, Louisiana this 6th day of January, 2009.

UNITED STATES DISTRICT JUDGE