UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SULLIVAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4437** |
| **MONSANTO COMPANY, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is **Plaintiffs' Motion to Compel and to Extend Deadline for Class Certification Discovery (R. Doc. 133)**, filed by Plaintiffs, James Sullivan, et al. (collectively, "the Plaintiffs"), seeking an Order compelling Defendants—Pharmacia Corporation; Pharmacia & Upjohn, Pfizer, Inc.; the Pharmacia Retiree Benefits Program; Sylvia Monterio; Mary Lou Pazano; Josephine Winfrey; and Kara DeLoreto (collectively, "the Pfizer Defendants") to supplement their responses to the Plaintiffs second set of Interrogatories and Requests for Production and to produce a corporate representative for a 30(b)(6) deposition. The Plaintiffs also seek an extension of the deadline for class certification discovery. The Pfizer Defendants filed a response opposing the Motion. (R. Doc. 137.) The matter was heard with oral argument on Wednesday, November 18, 2009.

The Court also takes up **The Pfizer Defendants' Motion to Enforce Scheduling Orders (R. Doc. 131)**, because it is relation to the Motion before the Undersigned. **The Pfizer Defendants'**

**Motion to Enforce Scheduling Orders (R. Doc. 131)** was filed by the Pfizer Defendants, seeking to quash the Plaintiffs' discovery requests, or in the alternative, to limit those requests to matters deemed necessary to resolve the issue of class certification and preventing the Plaintiffs from recalling witnesses a second time in litigation. The Plaintiffs oppose the motion. (R. Doc. 135.) However, with the consent of the presiding Judge and because these motions relate to the same issues, the Court will resolve both motions in this Order.

The Plaintiffs are former employees of the Monsanto Company who participated in the retiree health-care benefits program administered by the Defendants, and they are trying to obtain class certification under Federal Rule of Civil Procedure ("Rule") 23. (R. Doc. 1.) The Plaintiffs claim that according to the Summary of Retirement Benefits Plan provided by the Defendants, "the contributions under the 1995 Plan by retirees who are under the age 65 . . . will be the same as active employees' contributions . . . ." (R. Doc. 1, ¶ 30.) Despite this promise, the Plaintiffs claim that from January 2001 through 2006, the contributions of class members have increased by 750% to over 1000%. (R. Doc. 1, ¶ 31.) The Plaintiffs further claim that contributions paid by active employees have not increased at this rate. (R. Doc. 1, ¶ 32.)

The Plaintiffs claim that the Defendants are not paying their proper share of the health care costs defined in the retirement benefits plan and have refused to disclose information to the Plaintiffs in violation of their duty to disclose. (R. Doc. 1, ¶¶ 33, 34.) The Plaintiffs bring their cause of action as a violation of the Employee Retirement Income Security Act ("ERISA"). (R. Doc. 1, ¶ 41.)

The Joint Scheduling Order (R. Doc. 127), which granted the parties Motion for Entry of Joint Scheduling Order (R. Doc. 125), stated that "[d]iscovery pertaining to class certification issues

will be completed by October 30, 2009." (R. Doc. 127, p. 1.) The Joint Scheduling Order further set oral argument on class certification to be held on January 20, 2010. (R. Doc. 127, p. 2.) The original Scheduling Order set the discovery deadline for the matter "no later than May 10, 2010. (R. Doc. 115, p. 1.) Trial in this matter is set for June 28, 2010. (R. Doc. 115, p. 3.)

On September 15, 2009, the Plaintiffs served their second set of Interrogatories and Requests for Production on the Pfizer Defendants. (R. Doc. 133-3, Plaintiffs' 2nd Set of Interrogs. to the Pfizer Defs, Sept. 15, 2009, & R. Doc. 133-4, Plaintiffs' 2nd Set of Reqs. for Produc. of Docs. to the Pfizer Defs., Sept. 15, 2009.) On September 30, 2009, the Plaintiffs allegedly served a notice of a Rule 30(b)(6) deposition for the Pfizer Defendants representative to be held on October 27, 2009. (R. Doc. 133-2, p. 2.) Thereafter, the Plaintiffs allegedly granted the Pfizer Defendants an extension until October 23, 2009, to respond to the discovery requests. (R. Doc. 133-2, p. 2.)

On October 22, 2009, counsel for the Pfizer Defendants notified the Plaintiffs that they would not produce a corporate representative for the 30(b)(6) deposition noticed for October 27, 2009. (R. Doc. 133-2, p. 3.) On October 23, 2009, the Pfizer Defendants produced answers and objections to the Plaintiffs second set of Interrogatories and Requests for Production. (R. Docs. 133-10 & 133-11.)

The Plaintiffs claim that the discovery sought through their second set of Interrogatories and the 30(b)(6) deposition is relevant to the issue of class certification. (R. Doc. 133-2, p. 4.) The Plaintiffs claim that there are numerous cases that recognize that discovery into essential elements of the claims may be necessary to prove the elements of Rule 23. (R. Doc. 133-2, p. 6 (citing *Chateau deVille Prods., Inc. v. Tams-Whitmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978)). The Plaintiffs claim that overlap between class certification discovery and merits discovery

3

is allowable. (R. Doc. 133-2, p. 7.) They further contend that the Pfizer Defendants' objections to their Interrogatories and Requests for Production are inappropriate and that the responses provided by the Pfizer Defendants are inadequate. (R. Doc. 133-2, pp. 8-12.) Finally, the Plaintiffs argue that the Pfizer Defendants were not entitled to refuse production of a corporate representative for the 30(b)(6) deposition. (R. Doc. 133-2, pp. 12-13.)

In response, the Pfizer Defendants contend that the discovery sought by the Plaintiffs violates the Scheduling Orders because it is directed almost entirely toward merits discovery and the Plaintiffs did not seek leave of the court to propound the discovery. (R. Doc. 137, p. 1.) The Pfizer Defendants claim that Plaintiffs have failed to show "good cause," as required by the Scheduling Order and the Rule 16(b), why they should be allowed to conduct merits discovery months ahead of schedule. (R. Doc. 137, pp. 1-2.)

They specifically cite the presiding Judge's Order which stated: "Unless good cause is shown otherwise, discovery of claims/defenses shall follow after (1) completion of class certification discovery and (2) ruling on class certification." (R. Doc. 122.) The Pfizer Defendants also note that they have a motion to quash the relevant discovery requests and to enforce the Scheduling Order (R. Doc. 131) pending before the presiding Judge. (R. Doc. 137, p. 7.) They therefore ask that this Court stay its ruling on the motion until after the presiding Judge rules on their pending motion because that ruling would be dispositive on this issue. (R. Doc. 137, p. 7.) In the alternative, the Pfizer Defendants claim that the Plaintiffs second set of Interrogatories and Requests for Production of Documents and their notice of the 30(b)(6) deposition are almost exclusively focused on the merits of the case and should therefore be denied. (R. Doc. 137, p. 2.)

At the hearing, counsel presented arguments regarding the discovery requests. Counsel for

4

the Plaintiffs stated that Requests for Production 5 and 9-13 were not at issue. He further stated that he withdrew Requests for Production 4, 15, 16, and 18-30, based on the Court's ruling on the Plaintiffs' other Requests for Production. Counsel for the Pfizer Defendants agreed to supplement their response to Request for Production 17 subject to the clarification made at the hearing that the plan referenced in the Request was the retiree plan at issue in this case.

The Court, after listening to the arguments of the parties and considering the evidence presented, first overruled the Pfizer Defendants general objections to the Plaintiffs' Requests for Production. The Court further ruled that the Pfizer Defendants are required to supplement their responses to Requests for Production 1 and 2. However, the Court found that the Pfizer Defendants adequately responded to Request for Production 3 and upheld their objections to Requests for Production 6, 7, 8, and 14.

As to the Interrogatories, counsel for the Pfizer Defendants agreed to supplement their responses by identifying the managers involved in the calculations and amendments of the retiree plan at issue in this case, subject to the limitation that they would not provide the home phone numbers or address of persons currently employed by Pfizer. Counsel for the Plaintiffs withdrew his motion to compel further responses to Interrogatories in all other respects.

As to the Rule 30(b)(6) deposition, the Court ordered counsel for the Plaintiffs to submit an Amended Notice of Rule 30(b)(6) deposition limiting the deposition to class certification issues. The Court further ordered the parties to be available for a teleconference on Thursday, November 19, 2009, at 11:00 a.m., to resolve the remaining issues. On November 18, 2009, counsel for the Plaintiffs submitted an Amended Notice to the Court for consideration prior to the teleconference.

On November 19, 2009, teleconference, Jeffrey V. Mehalic and Steven L. Nicholas

represented the Plaintiffs. Alison V. Potter and James W Ducayet represented the Pfizer Defendants. At the teleconference, the parties agreed that each party would take one deposition. Counsel for the Pfizer Defendants indicated that she had some narrowing criteria for the Amended Rule 30(b)(6) Notice, but that counsel for the Plaintiffs had agreed to the criteria. Finally, counsel for the Pfizer Defendants agreed to provide supplemental discovery responses, as outlined at the November 18, 2009, hearing, by November 26, 2009.

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Compel and to Extend Deadline for Class Certification Discovery (R. Doc. 133)** is hereby **GRANTED IN PART** and **DENIED IN PART.**

- **IT IS GRANTED** as to Requests for Production 1 and 2, to the extent that the Pfizer Defendants agreed to supplement their response to Request for Production 17 and the Plaintiffs' Interrogatories, and as to the Plaintiffs motion to compel a Rule 30(b)(6) deposition as stated in this Order.

- **IT IS DENIED** in all other respects, as stated in this Order.

**IT IS FURTHER ORDERED** that the Plaintiffs amend their Notice of Rule 30(b)(6) as agreed by the parties and submit the Amended Notice to counsel for the Pfizer Defendants **no later than (7) days** from the signing of this Order.

**IT IS FURTHER ORDERED** that the Plaintiffs be permitted depose the Pfizer Defendants 30(b)(6) representative, Tammy Bakos, on December 4, 2009, at a time to be announced, in Tepac, New Jersey.

**IT IS FURTHER ORDERED** that the Pfizer Defendants be permitted to depose Plaintiff, Emmett Selman on December 10, 2009, at a time to be announced, in New Orleans, Louisiana.

**IT IS FURTHER ORDERED** that the Pfizer Defendants supplement their responses to the Plaintiffs' discovery requests as stated in this Order **no later than seven (7) days** from the signing

of this Order.

**IT IS FURTHER ORDERED** that the Pfizer Defendants pending **Motion to Enforce Scheduling Order (R. Doc. 131)** is **DENIED AS MOOT** because this Order resolves the issues contained in the Motion.

New Orleans, Louisiana, this 20th day of November 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**